1  TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243042)
   trevorcoddington@sandiegoiplaw.com
2  JAMES V. FAZIO, III (CSB NO. 183353)
   jamesfazio@sandiegoiplaw.com
3  SAN DIEGO IP LAW GROUP LLP
   12526 High Bluff Drive, Suite 300
4  San Diego, CA 92130
   Telephone: (858) 792-3446
5  Facsimile: (858) 408-4422

6  Attorneys for Plaintiff,
   NUKI, INC.
7

8              UNITED STATES DISTRICT COURT

9              SOUTHERN DISTRICT OF CALIFORNIA

10

11 | NUKI, INC., a California corporation,            | CASE NO. '17CV0640 AJB WVG
12 |                  Plaintiff,                      | **COMPLAINT FOR PATENT INFRINGEMENT**
13 |        vs.                                       |
14 | MARSHALLS OF CA, LLC; a Massachusetts corporation; | **DEMAND FOR JURY TRIAL**
15 | MARSHALLS OF MA, INC., a Massachusetts corporation; THE TJX
16 | COMPANIES, INC., a Delaware corporation; and DOES 1-10, inclusive,
17 |                  Defendants.
18

Plaintiff Nuki, Inc. ("Nuki") hereby complains of Defendants Marshalls of CA, LLC and Marshalls of MA, Inc. (collectively "Marshalls"), and The TJX Companies, Inc. ("TJX") (collectively, the "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for design patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*.

## THE PARTIES

2. Nuki is a California corporation with its principal place of business located at 12702 Via Cortina Way, Suite 203, Del Mar, California 92014.

3. Upon information and belief, Marshalls of CA, LLC and Marshalls of MA, Inc. are corporations organized and existing under the laws of the State of Delaware, each with its principal place of business located at 770 Cochituate Road, Framingham, Massachusetts 01701. Marshalls has numerous established department stores located in this District.

4. Upon information and belief, TJX is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at 770 Cochituate Road, Framingham, Massachusetts 01701. TJX is the parent corporation for Marshalls, as well as other department stores such as Homegoods and T.J. Maxx.

5. Nuki is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. Nuki will seek leave to amend the complaint to assert their true names and capacities when they have been ascertained. Nuki is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

///

///

## JURISDICTION AND VENUE

6. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Nuki's claim for patent infringement arises under the laws of the United States, 35 U.S.C. § 271, *et seq*.

7. This Court has personal jurisdiction over the Defendants because they reside in this District and have a continuous, systematic and substantial presence in this District, because Defendants regularly conduct business and/or solicit business within this District, because Defendants have committed and continue to commit patent infringement in this District, including without limitation by selling infringing products to consumers in this District and by purposefully directing activities at residents of this District, and by placing infringing products into the stream of commerce with the knowledge that such products would be sold in California and this District, which acts form a substantial part of the events giving rise to Nuki's claim.

8. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because the Defendants reside and have a regular and established place of business in this District; the Defendants have committed and continue to commit patent infringement in this District, including without limitation by selling infringing products to consumers in this District; and a substantial part of the events giving rise to Nuki's claim occurred in this District. In addition, venue is proper because Nuki's principal place of business is in this District and Nuki suffered harm in this District.

## GENERAL ALLEGATIONS

9. Founded in 2010, Nuki designs and sells innovative luggage including a patented "front opening" hard shell suitcase.

10. On December 16, 2014, the United States Patent & Trademark Office duly and lawfully issued U.S. Design Patent No. D719,351, entitled "Front Accessible Hard Shell Suitcase" ("the 'D351 patent"). Nuki is the owner by

assignment of the 'D351 patent, a copy of which is attached hereto as **Exhibit A**.

11. On information and belief, the Defendants are and have been using, selling, offering for sale, importing and/or selling after importation one or more front opening, i.e., top lid opening, hard shell suitcases that infringe the 'D351 patent, including without limitation Mia Toro branded "Profonidita" and/or "Tasca" hard shell suitcases, and other front opening hard shell suitcases (the "Accused Products").

12. The Accused Products are available for purchase from Marshalls department stores.

13. Defendants use, sell, offer for sale, import and/or sell after importation into the United States front opening hard shell suitcases, including without limitation the Accused Products, that infringe Nuki's patent rights.

## CLAIM FOR RELIEF

**(Infringement of U.S. Design Patent No. D719,351)**

**(35 U.S.C. § 271)**

14. Nuki repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

15. Defendants, by and through their agents, officers, directors, resellers, retailers, employees and servants, have been and are currently willfully and intentionally infringing the 'D351 patent by using, offering to sell, selling, importing into the United States, and/or selling after importation into the United States the Accused Products, which embody the design covered by the 'D351 patent.

16. Defendants' acts of infringement were undertaken without permission or license from Nuki.

17. As the side-by-side comparison below reveals, Defendants have infringed Nuki's patented front opening design (shown left) in the Accused Products (shown right).

| The 'D351 Patent | Mia Toro |
|---|---|

18. Defendants' infringement of the 'D351 patent will continue unless enjoined by this Court.

19. By reason of the foregoing infringing acts, Nuki has been damaged, continues to be damaged, and is entitled to Defendants' total profits in accordance with 28 U.S.C. § 289 in an amount to be determined at trial. In addition, pursuant to 35 U.S.C. § 284, Nuki is entitled to enhanced and treble damages against Defendants together with interest at the maximum legal rate and costs as fixed by the Court.

20. In addition, Nuki is entitled to reasonable attorneys' fees incurred in this action under 35 U.S.C. § 285.

21. Because of the aforesaid infringing acts, Nuki has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

-4-

# **PRAYER FOR RELIEF**

WHEREFORE, Nuki prays for judgment against Defendants as follows:

(a) An Order adjudging Defendants to have infringed the 'D351 patent under 35 U.S.C. § 271;

(b) An Order adjudging Defendants to have willfully infringed the 'D351 patent under 35 U.S.C. § 271;

(c) A permanent injunction under 35 U.S.C. § 283 enjoining Defendants, their officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from infringing the 'D351 patent in violation of 35 U.S.C. § 271;

(d) An award to Nuki of Defendants' total profits in accordance with 35 U.S.C. § 289, and that Defendants pay to Nuki all damages suffered by Nuki;

(e) An order for a trebling of damages and/or enhanced damages due to Defendants' willful infringement under 35 U.S.C. § 284;

(f) An Order adjudicating that this is an exceptional case;

(g) An award to Nuki of all attorneys' fees and costs incurred by Nuki in connection with this action under 35 U.S.C. § 285; and

(h) For such other and further relief as the Court deems just and proper.

Dated: March 29, 2017          SAN DIEGO IP LAW GROUP LLP


By: /s/Trevor Coddington
TREVOR Q. CODDINGTON, PH.D.
JAMES V. FAZIO, III

Attorneys for Plaintiff,
NUKI, INC.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Nuki hereby demands a trial by jury of all issues so triable.

Dated: March 29, 2017        SAN DIEGO IP LAW GROUP LLP


By: /s/Trevor Coddington
   TREVOR Q. CODDINGTON, PH.D.
   JAMES V. FAZIO, III

Attorneys for Plaintiff,
NUKI, INC.